NO. 07-07-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 8, 2010

_____

CARL ALLEN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4063; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION ON REMAND**

Appellant, Carl Allen Carter, was convicted by a jury of possession of a controlled substance with intent to deliver in violation of section 481.112 of the Texas Health and Safety Code. He was sentenced to twenty-five years confinement and fined $25,000. Disagreeing with this Court's analysis of the arresting officer's "question first, warn later"

interrogation technique, the Texas Court of Criminal Appeals remanded the case to this Court in order that we might address Appellant's sole remaining issue: factual sufficiency of the evidence. *Carter v. State,* 2010 Tex.Crim.App. LEXIS 101, at 31(Tex.Crim.App. Mar. 24, 2010).

The standards by which we review the sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to these cases for explanation.

By his seventh point of error, Appellant contends the evidence *would be* factually insufficient if his first six points of error were sustained and the evidence against him was suppressed. However, each of those issues has now been overruled by either the Court of Criminal Appeals or this Court, and all of the evidence which he sought to suppress has now been ruled to be admissible. That evidence includes evidence wherein Appellant confessed that (1) the substance found in his vehicle consisted of eighteen ounces of cocaine; (2) which belonged to both him and the sole other occupant of the vehicle; (3) that they had paid $8,000 for the drugs; and (4) they expected to turn a big profit selling it.

Under these circumstances, we cannot say that the great weight and preponderance of the evidence contradicts the jury's verdict. Considering all the

evidence in a neutral light, the jury was rationally justified in finding Appellant guilty beyond a reasonable doubt. Appellant's seventh and final point of error is overruled.

Conclusion

The judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish.